IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| Michael Couch | ) | |
|     An individual, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 14-CV-92-RAW |
| | ) | |
| (1)Sheet Metal Workers International | ) | |
|    Association, | ) | |
|      A labor organization | ) | |
| (2)Sheet Metal Workers Local 270, | ) | |
|      An Oklahoma labor union, | ) | |
| (3)David Johnson | ) | |
|      Individually and in official | ) | |
|      Capacity of Business Manager | ) | |
| | ) | |
|     Defendants. | ) | |

**<u>Plaintiff's Response to Defendants Motion to Dismiss</u>**

Comes Now, Plaintiff, Michael Couch, by and through counsel and for his response to

the July 2, 2014 Motion to Dismiss by Defendants states as follows:

Plaintiff brings this action based on his wrongful expulsion from union membership

and the imposition of fines against him by Defendants. Count 1 alleges violations of the

Labor-Management Reporting & Disclosure Act, 29 U.S.C. §411(a) (5) ("LMRDA")

challenging the propriety of the hearing process, procedures, evidence, and conclusions

of his May 9, 2012 membership removal and fines. Count 2 alleges violations of the

LMRDA, 29 U.S.C. §411(a)(1) & (2) that the internal union charges and expulsion were

the result of retaliation for his free speech rights within the union and his protected union

activities. Count 3 alleges a breach of contract claim under 29 U.S.C. § 185 that

1

Plaintiff's expulsion and fines were in violation of the contract formed between him and

Defendants by virtue of Defendants Constitution and By-Laws.

## Summary of Argument

Defendants seek dismissal based on statute of limitations, unclean hands, and claim

splitting. They also seek transfer of venue to the Northern District of Oklahoma.

Defendants' dismissal arguments are not availing. Plaintiff's LMRDA claims have a two

year statute of limitations period, but such is tolled pending exhaustion of his mandatory

internal union appeal process. His internal appeals were concluded on March 21, 2013

with the final IA GEC decision. Complaint, ¶ 29. The present claim filed on March 13,

2014, was timely filed within two years the final GEC decision on his appeal.

Defendants mis-understand Plaintiff's breach of contract claim. There are two types

of claims possible under 29 U.S.C. § 185, denominated as Section 301 in the original

LMRDA legislation, known as 301 claims. First, there is a "straight 301" claim for

breach of contract. Second, there are claims for breach of the union's duty of fair

representation, which is a "hybrid 301." Plaintiff's claim is purely a "straight 301" claim,

breach of contract, not a hybrid 301 breach of fair representation. The union was not

representing Plaintiff in any fashion in this action; rather it breached the contract formed

by its internal union constitution in expelling and fining Plaintiff. The straight 301 claim

for breach of contract borrows state law limitations periods, which is five years for

breach of written contract in Oklahoma.

Defendants also make an "unclean hands" argument based on Plaintiff's misdemeanor

conviction for conduct wholly unrelated to the events in this action. Not only is this an

2

impermissible motion to dismiss based on FRCP Rule 12(b) (6) based on attachment of materials outside of the pleadings, but it is legally and factually in error.

Finally, Defendants' claim improper venue in this court and seek dismissal or transfer to the Northern District. Venue is proper in this court as Defendant David Johnson resides in Muskogee, Oklahoma, within the venue of this court, and because Local 270 does "business" within the Eastern District as its geographical union jurisdiction for collective bargaining agreements and its members working area covers the Eastern District of Oklahoma. However, Plaintiff would not object to a transfer to the Northern District based on *forum non convenes* as the majority of the facts related to this cause occurred within Tulsa, Oklahoma.

**Proposition 1: LMRDA Claims Are Viable and Not Time Barred**

Counts 1 & 2 are LMRDA claims. Defendants rely on *Cantrell v. IBEW*, 32 F.3d 465,467 (10th Cir. 1994) for a two year statute of limitations period. While Cantrell was not an LMRDA claim, it did correctly note the rule from *Reed v. United Transportation Union*, 488 U.S. 319 (1989), that because Congress did not set a limitations period for LMRDA claims, the State personal injury statute should be borrowed for such claims. This is two years in Oklahoma. 12 O.S. §95.

In this case, Defendant's initial trial board decision to suspend and fine Plaintiff was mailed March 9, 2012, triggering his LMRDA causes of action. Two years runs from when Plaintiff received the March 9, 2012 mailing. However, Plaintiff was compelled to exhaust internal union appeals before he could file this action.

What Defendants omit in their analysis is that LMRDA claims have an exhaustion requirement of pursuing internal union remedies set up in the Union Constitution. 29 U.S.C. § 411(a) (4) provides, in pertinent part:

> No labor organization shall limit the right of any member thereof to institute an action in any court, or in a proceeding before any administrative agency, irrespective of whether or not the labor organization or its officers are named as defendants or respondents in such action or proceeding, or the right of any member of a labor organization to appear as a witness in any judicial, administrative, or legislative proceeding, or to petition any legislature or to communicate with any legislator: *Provided,* **That any such member may be required to exhaust reasonable hearing procedures (but not to exceed a four-month lapse of time)** within such organization, before instituting legal or administrative proceedings against such organizations or any officer thereof… (Emphasis added)

In the present case, as outlined in the Complaint ¶¶28-30, pursuant to the requirements of the International Constitution & Ritual, Plaintiff timely initiated his mandatory appeal of the Trial Board Decision to the International Association General Executive Council ("GEC"), which issued an interim decision September 5, 2012 and a final decision on March 21, 2013. His appeal to the GEC tolled the limitations period. While Plaintiff could have elected to continue his internal union appeal to the International Union membership convention held every five years, Plaintiff initiated this action on March 13, 2014 within two years of the GEC final decision in March 2013.

The Tenth Circuit has conclusively held that for "hybrid" 301 claims against a union alleging breach of fair representation that internal union appeals toll the limitations period. *Volkman v. United Transp. Union*, 73 F.3d 1047, 1054 (10th Cir. 1996) ("However, ordinarily, a plaintiff must exhaust internal union appeals before filing suit,

and the statute of limitations is tolled during those appeals.") While, Plaintiff is not alleging a hybrid 301 action, his LMRDA claims are tolled based on application of the same exhaustion requirements and principles contained in 29 U.S.C. § 411(a)(4).

As explained in *Dunleavy v. Local 1617, United Steelworkers of America*, 814 F.2d 1087, 1090-1091 (6th Cir. 1987), tolling the limitations period pending internal union appeals is consistent with the policies underlying a statute of limitations because the Defendant is on notice of the claims, can preserve necessary evidence, and prevents surprise to the Defendant of the claims. *Dunleavy* held that tolling applies to pursuit of internal union remedies even where plaintiff was not "legally required to appeal his claim" internally, citing "the policy . . . which encourages the self-governance of labor organizations through the development of internal remedies. *Id.* at 1089-90. Additionally, the policies underlying a federal comprehensive labor law are promoted by encouraging members to exhaust internal union disputes, and to promote judicial non-interference in union affairs if such appeals can be successful, supports tolling LMRDA claims during pendency of internal union appeals. *Wall v. Construction & Gen. Laborers' Union, Local 230*, 224 F.3d 168, 177-178 (2d Cir. 2000). See also *Stevens v. Northwest Ind. Dist. Council, United Bhd. of Carpenters*, 20 F.3d 720, 730 (7th Cir. 1994) (holding that plaintiff cannot "indefinitely delay resolution of labor disputes merely by bombarding his union with tiresome requests for needless review," but agreeing that tolling the applicable two-year statute of limitations may be proper "during the time in which a union considers an initial but untimely appeal") (internal citations and quotations omitted); *Waring v. Int'l Longshoremen's Ass'n Local 1414*, 653 F. Supp. 374 (S.D. Ga. 1987)

The result is the present case is timely as filed within two years of receipt of the initial trial board decision and because the matter was tolled pending his internal union appeals. Indeed, Plaintiff had until March 21, 2015 to file this action, two years from the March 21, 2013 final GEC decision on his internal union appeal.

**Proposition 2: Plaintiff's Straight 301 Breach of Contract Claim under 29 U.S.C.§ 185 is timely.**

Defendant mischaracterizes Plaintiff's Count 3 as a breach of the duty of fair representation, a "hybrid 301" claim. Such is not accurate at all. Plaintiff does not complain in any respect to the manner he was represented by his union. Rather, he complains the Defendants breached the contract formed as a result of the internal union constitution in how it expelled and fined him, a "straight" 301 claim.

Suits by union members for breach of contract established by the International Constitution are legally cognizable under 29 USC § 185 ("Section 301" of the NLRA). *Wooddell v. International Bhd. of Elec. Workers, Local 71*, 502 U.S. 93, 98-99 (U.S. 1991) ("Likewise, union constitutions are an important form of contract between labor organizations. Members of a collective-bargaining unit are often the beneficiaries of such interunion contracts, and when they are, they likewise may bring suit on these contracts under § 301.")

Because Congress did not establish a limitations period in §301, typically state court limitations periods must be borrowed. As explained *in UAW v. Hoosier Cardinal Corp.*, 383 U.S. 696, 704-705 (1966)," since no federal provision governs, we hold that the timeliness of a § 301 suit, such as the present one, is to be determined, as a matter of

6

federal law, by reference to the appropriate state statute of limitations." *Hoosier* was a breach of contract claim established by the collective bargaining agreement by a union against the employer. However, its analysis is applied to breach of contract suits based on the International Constitution. *United Association of Journeymen & Apprentices of the Plumbing & Pipefitting Industry v. Local 334*, 452 U.S. 615, (1981). It is equally applied to suits for breach of contract based by individual members based on the union Constitution.

In *Phelan v. Local 305 of United Ass'n of Journeymen,* etc., 973 F.2d 1050, 1061 (2d Cir. 1992) Union member sued under 29 USC § 185 for breach of contract based on the Union Constitution. The Second Circuit reversed the trial courts application of the six month period under §10b of the NLRA. The court determined the claim "readily may be analogized to a claim for breach of contract," and remanded for determination of the appropriate state limitations period.

Similarly, the Second Circuit has regularly applied state six year breach of contract limitations period to straight 301 actions by union members based on violation of the Union Constitution. *O'Hare v. General Marine Transport Corp.*, 740 F.2d 160, 167 (2d Cir. 1984), *cert. denied*, 469 U.S. 1212 (1985). *O'Hare* expressly rejected application of the six month limitations period of *Del Costello v. Intl Bhd. Of Teamsters,* 462 U.S. 151 (1983), which applied the six month period to hybrid 301 claims against both a union and employer alleging the union breached its duty of representation. *Id.* at 167-68. *O'Hare* explained, "we agree with the district court that the *DelCostello* holding turns on the particular nature of the duty of fair representation action, and cannot

7

reasonably be expanded to all section 301 claims that involve facts which might also have established an unfair labor practice charge." See Also, *Tobin v. Barry*, 678 F. Supp. 1018, 1022 (S.D.N.Y. 1987); *Rodonich v. House Wreckers Union,* 624 F. Supp. 678 (S.D.N.Y. 1985).

Similarly, the Third Circuit in *Gratsy v. Amalgamated Clothing & Textile Workers Union, etc.*, 828 F.2d 123, 133 (3d Cir. Pa. 1987), examined the limitations period for straight 301 claims based on breach of the union constitution. *Gratsy* explained that "because the claims have little or no relation to the day-to-day relationship between Local 80 and its members, on one hand, and Downs, on the other. The need for speedy resolution of the dispute is therefore not present." *Id. Gratsy* succinctly held "we hold that the statute of limitations applicable to Count II is the four-year Pennsylvania statute for breach of contract." See Also, *Tile, Marble, etc. v. Local 221, Tile, Marble, etc.*, 683 F. Supp. 814, 816-817 (M.D. Ga. 1988) ("Therefore, the court concludes that because this action is a straightforward claim under section 301 for breach of a union constitution, Georgia's six-year statute of limitations statute for contract actions will be controlling.")

In *Pruitt v. Carpenters' Local Union No. 225 of United Brotherhood* etc., 893 F.2d 1216, 1217-1218 (11th Cir.  1990), a union member sued under a breach of contract claim alleging fraud in his removal from union office. The Court borrowed the four year state statute for fraud to establish the limitations period. *Id.* at 1221.

In *Copitas v. Retail Clerks International Asso.,* 618 F.2d 1370, 1373 (9th Cir. 1980), a union member sued based on breach of contract of the Union Constitution. The Court applied the California three year limitations period for liability created upon

8

statute, concluding that §185 established the basis of the claim and that the three year period was consistent with a uniform national policy. *Id.* at 1373.

In contrast, Defendants cite *Cantrell v. IBEW*, 32 F.3d 465 (10th Cir. 1994) applying a six month limitations period borrowed from §10b of the NLRA for unfair labor practices, as determined in *Del Costello*.  However, *Cantrell* did not allege a straight 301 action, nor an action based on the union constitution at all. Rather, they  brought a hybrid 301 action complaining the union did not represent them effectively in protesting the employer suspending them, and harassing them, and coercing a settlement of the suspension grievance. *Id.* at 466. While *Cantrell* tried to analogize his claims to LMRA claims for a longer limitations period, he did not make LMRA claims. *Id.* at 467. Rather, *Cantrell* was purely a complaint about the representation the union afforded him in dealing with his employer under a collective bargaining agreement.

Plaintiff makes no such claim presently. His claim under §185/301 is that the Defendants did not follow its own Constitution in the internal union charges against him. Complaint, ¶ 50-51. There was no CBA in effect for Plaintiff. There is no representation of the union of Plaintiff for them to breach. There is no hybrid claim.

Rather, his claim for breach of contract, a written contract. Applying the majority rule to consider this issue, the most applicable Oklahoma statute is the five year period under 12 O.S. § 95(a) (1) for breach of written contracts. However, should this court follow *Pruitt,* the fraud statute is two years under 12

9

O.S. § 95 (a) (3). Should the Court follow the Ninth Circuit in *Copitas,* the

liability based on statute period in Oklahoma is three years based on 12 O.S. § 95

(a)(2). However, under any of these periods, Plaintiff's claim is tolled pending his

exhaustion of internal union appeals. *Volkman v. United Transp. Union*, 73 F.3d

1047, 1054 (10th Cir. 1996). As such, the earliest his straight 301 action could

accrue is two years from March 21, 2013 (Final GEC Decision), or March 21,

2015, and in reality his limitations period is five years from that decision, or

March 21, 2018. In any event, even without any tolling his claim is timely as being

brought on March 13, 2014 for events which occurred in the preceding five years,

or after March 13, 2009.

**Proposition 3: Plaintiff's Claim is not Barred based on the Tulsa County suit.**

Defendants rely on *Retherford v. Haliburton Company,* 1977 OK 178, that

Plaintiff's Tulsa County action bars this action. However, *Retherford,* and other

cases addressing claim splitting address res judicada effects of concluded actions,

not the filing of the action.  ( As *Retherford* notes, quoted in Defendants brief ¶ 5,

the second claims are 'barred by the prior adjudication.") Moreover, Defendants

wholly ignore that the principle Defendant in the present action, the International

Union is NOT a defendant in the state court action. The only common defendants

are Johnson and Local 270 as Johnson filed the internal union charges against

Plaintiff thru Local 270.  As such, there is no claim splitting or res judicada

possible against the International Union.

Plaintiff has a federal claim against these Defendants based on the LMRDA and NLRA. As explained in *American Constitutional Law Found. v. Meyer,* 1997 U.S. App. LEXIS 12409, 16-18 (10th Cir. May 29, 1997), "Several cases emphasize that if a plaintiff appropriately invokes the jurisdiction of the federal court, that party should be able to litigate there. 'When a Federal court is properly appealed to in a case over which it has by law jurisdiction, it is its duty to take such jurisdiction . . . . The right of a party plaintiff to choose a Federal court where there is a choice cannot be properly denied.'" The issue arises that if res judicada might apply to the two actions, the first decided claim, whether in federal or state court, bars those claims as to which res judicada applies. *Id.* ("where plaintiffs split claim to obtain best outcome of different proceedings, judges award plaintiffs not the better outcome, but the first outcome: "whichever suit goes to judgment first is dispositive, and the doctrine of claim preclusion (res judicada) requires the other court to dismiss the litigation.")

However, such is not applicable because there is no judgment in the state court action to bar this action. Hence, even assuming that joinder of the present claims against Defendants Johnson and Local 270 was required in the Tulsa County action (a fact not conceded herein), that does not bar the present claim from proceeding. While Plaintiff believes that his present LMRDA and NLRA claims are not compulsorily joined to the state law claims in Tulsa County, such is not the basis for a dismissal of Johnson or Local 270, and can never be the basis of dismissal of the International because it is not a party in the Tulsa County action.

**Proposition 4: Venue is Proper, but Transfer is Warranted.**

Pursuant to 29 U.S.C. § 185 (a) for suing involving contracts between labor organizations, venue is proper in any district court having "jurisdiction" of the parties. Pursuant to 29 U.S.C. § 185 (c) "jurisdiction" is proper in any district court in which the union's "duly authorized officers or agents are engaged in representing or acting for employee members."

In the present case, the International and Local 270 represent members in the Eastern District of Oklahoma. The geographic union jurisdiction of Local 270 includes most of eastern Oklahoma, and certainly includes Muskogee and counties with this Court's venue. Moreover, Defendant Johnson personally resides in Muskogee County, within the venue of this Court. Venue as to him is proper under 28 USC 1391(b)(1).

However, Plaintiff does not object to a transfer to the Northern District under 28 USC 1404 based on the convenience of the parties and witnesses as the majority of the records and witnesses are located within the Northern District.

**Proposition 5:  Plaintiff's Misdemeanor Plea Conviction is Not a Bar.**

At the outset, Defendants do not make  a FRCP Rule 12(b) (1) jurisdictional argument; hence the attachment of outside materials in a motion to dismiss is not proper for consideration at this point. Pursuant to FRCP 12(d) this would have to be converted to a motion for summary judgment, which is premature as there has been no discovery on this matter.

Moreover, Defendant's only broadly, and in general fashion, claim the misdemeanor conviction relates to the subject matter of this action. It does not. As outlined in Defendant's Ex. 1, p. 2,  Plaintiff pled guilty only to not reporting to the Department of Labor on the annual LM-2 the discovery that Health and Welfare pension fund monies had been transferred to a Merrill Lynch account as collateral to purchase a new union hall. However, when it was discovered that H&W monies had been so transferred, the money was transferred back to the H&W fund. Plaintiff did not prepare the LM-2 Reports; an outside accountant did so, as he had done for some 40 years. Plaintiff, and others, signed the LM-2 reports believing they accurately reported that which was required to be reported.

However, this was not the basis of internal union discipline against Plaintiff. The LM-2 reporting was not part of the basis of union discipline against Plaintiff at all. Hence, this action does not related to the misdemeanor plea agreement and cannot serve as the basis for dismissal of this action.

Rather, Defendant's broadly contend that Plaintiff "committed criminal conduct with regard to the subject matter of this case." MTD ¶ 6. Such a broad, and bold statement, is not sufficient to sustain a motion to dismiss, nor a motion for summary judgment.

Finally, Defendant relies on the age old determination that equity cannot be sought by unclean hands. However, this does not restrain Plaintiff's legal claims for damages. It is not the basis for dismissal of the suit. Even if it were true, it is only sufficient for equitable claims, such as Plaintiff's claim for injunctive relief to

13

prevent Defendants from seeking to enforce or collect its levied fines or inform

other of such suspension or fines, during the pendency of this action. However,

this does not include legal claims for damages.

In short, Defendant seeks only to poison the well against Plaintiff rather

than pursue a properly based motion to dismiss or motion for summary judgment.

### Conclusion

Based on the above and foregoing, Plaintiff has timely filed both this

LMRDA and NLRA claims, there is no res judicada effect to dismiss this action,

Plaintiff does not have unclean hands for this action, and while venue is proper a

transfer is not opposed.

Respectfully Submitted,

s/ Loren Gibson
Loren Gibson, OBA 14348
Gibson & Associates, PLC
105 N. Hudson, Ste 312
Oklahoma City, OK 73102
(405) 270-0900
(405)270-0903
Lgibson@legalavenger.net
Counsel for Plaintiff

### Certificate of Service

I, the undersigned certify the above and foregoing was served via the Court ECF
System to the following registered users on this July 21, 2014:

Frank W. Frasier
James E. Frasier
Steven R. Hickman
1700 Southwest Blvd
Tulsa, OK 74107

S/ Loren Gibson

14